PAUL J. ROBERTS *alias* FULTONER *v.* ANDREW W. McMILLAN *et al.*

WILLS. *Probate in solemn form.* A devisee, a stranger in blood to the testator, has a right to have the will probated in solemn form upon petition to the county court.

FROM KNOX.

Appeal in error from the County Court of Knox county.

JAMES COMFORT for Roberts.

JEROME TEMPLETON for McMillan.

TURNEY, J., delivered the opinion of the court.

On the 12th day of April, 1869, Andrew J. Baker made his will in this language:

1. "I give and bequeath to my beloved wife, Lucinda, her support and maintenance during her natural life."

2. "After the death of both myself and dearly beloved wife, Lucinda, and our funeral expenses are paid, I will and bequeath my entire estate to Paul J. Fultoner and Martha Jane Murphy, to be equally divided between them."

An executor is nominated and the will properly attested. Baker died in 1881. The petition alleges that after the publication, but whether before or after the death of the testator, is not known, the words "Paul J. Fultoner" and "to be equally divided between them," had pencil marks drawn across them as if to erase them.

In this condition the paper was propounded for and admitted to probate as the last will and testament of Andrew J. Baker. The will was first entered of record leaving out the words crossed in pencil. Subsequently there was written across that entry in red ink the words "error, see page 162," at which page the will is spread of record, including the omitted words with pencil marks just as the original.

This petition is filed in the circuit court for a re-

probate of the will, leaving off the pencil marks, or if this cannot be done, that petitioner have such other relief as may be warranted by the facts. The county court made no adjudication or intimation as to the effect of the pencil marks, but simply admitted the will to probate, and it was entered upon the record in the exact condition in which it was presented. In my opinion that court had no jurisdiction, several terms after its action, to cancel its proceedings upon the petition before us. Whether it was the purpose of the court to reject or retain the marked words does not appear.

The executor having qualified and entered upon the duties imposed by the will must discharge them at his own risk. If he shall refuse to recognize the claim of petitioner in the administration of the estate, petitioner's remedy, if he have one, is not in the court of probate, but in another forum.

The majority, however, is of opinion that the county court had and should have exercised the jurisdiction of having the will presented for probate in solemn form, citing *Burrow* v, *Ragland*, 6 Hum., 481 ; *Cornwell* v. *Cornwell*, 11 Hum., 488 ; *Townsend* v. *Townsend*, 4 Cold., 70 ; *Keith* v. *Ragland*, 1 Cold., 474 ; *Miller* v. *Miller*, 5 Heis., 723.

I do not think these cases apply here. The petitioner is a stranger in blood to the testator, and not a person *in interest* as entitled to probate in solemn form. Outside of a will he has no interest.

The judgment is reversed, and the cause remanded to the county court.